UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STANLEY J. MADAY, <br><br>　　　　　　Plaintiff, <br><br>　vs. <br><br>BOB DOOLEY, CHIEF WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF THE SOUTH DAKOTA DOC, INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, DIRECTOR OF THE DEPARTMENT OF HEALTH, INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLIMEK, DEPUTY WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ALEJANDRO REYES, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, ASSOCIATE WARDEN AT MIKE DURFEE STTAE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; JOSH KLIMEK, UNIT MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA MICHAEL JOE HANVEY, | 4:17-CV-04168-KES <br><br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS |

MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA BRAD ADAMS, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DR. STEPHAN SCHROEDER, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MISTY TOLSMA-HANVEY, NURSING SUPERVISOR, AT MIKE DURFEE STATE PRISON INDIVIDUAL AND OFFICIAL CAPACITY; LINDSEY RABBASS, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ROBIN MYER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CANDICE FEJFAR, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DAYNA KLAWITTER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS CROPPER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS HUITEMA, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; LORI STRATMAN, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MIKE GROSSHUESCH, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; NICOLE ST. PIERRE, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MURIEL NAMMINGA, LAUNDRY

| | |
|---|---|
| SUPERVISOR AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CATHERINE SCHLIMGEN, LEGAL COUNSEL FOR THE SOUTH DAKOTA DOC, INDIVDUAL AND OFFICIAL CAPACITY; UNKNOWN CBM FOOD SERVICES EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; UNKNOWN SOUTH DAKOTA DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITES; UNKNOWN SOUTH DAKOTA DOH EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; JON E. LITSCHER, SECRETARY OF THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; KATHARINE A. ARISS, ASSISTANT LEGAL COUNSEL FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS P. MALONEY, LIBRARY SERVICES AND EDUCATIONAL TECHNOLOGY COORDINATOR FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN WISCONSIN DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; AND CBM FOOD SERVICES, MEAL AND COMMISSARY PROVIDER FOR THE SOUTH DAKOTA DOC, OFFICIAL CAPACITY;<br><br>               Defendants. | |

Plaintiff, Stanley J. Maday, is an inmate at Mike Durfee State Prison in Springfield, South Dakota. Plaintiff filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Docket 1; Docket 3.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Plaintiff has reported average monthly deposits to his prisoner trust account of $50.00 and an average monthly balance of $30.62. Docket 4. Based on this information, the court grants plaintiff leave to proceed in forma pauperis provided he pays an initial partial filing fee of $10.00, which is 20 percent of $50.00. Plaintiff must pay this initial partial filing fee by January 10, 2018. If the court does not receive payment by this deadline, this matter will be dismissed. Plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on

4

the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

Thus, it is ORDERED

1. Plaintiff's motion for leave to proceed in forma pauperis (Docket 3) is granted. **Plaintiff will make an initial partial payment of $10.00 by January 10, 2018**, made payable to the Clerk, U.S. District Court. If the initial partial filing fee is not received by the specified deadline, the case **will be dismissed**.

2. After payment of the initial partial filing fee, plaintiff's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

5

3. The clerk of the court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: January 10, 2018: initial partial filing fee payment due.

5. Plaintiff will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED this 11th day of December, 2017.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE