UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY J. MADAY, | 4:17-CV-04168-KES |
| Plaintiff, | |
| vs. | |
| BOB DOOLEY, CHIEF WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF THE SOUTH DAKOTA DOC, INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, DIRECTOR OF THE DEPARTMENT OF HEALTH, INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLIMEK, DEPUTY WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ALEJANDRO REYES, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, ASSOCIATE WARDEN AT MIKE DURFEE STTAE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; JOSH KLIMEK, UNIT MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA MICHAEL JOE HANVEY, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA BRAD ADAMS, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DR. | **ORDER DENYING MOTION TO APPOINT COUNSEL (DOCKET NO. 5)** |

STEPHAN SCHROEDER, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MISTY TOLSMA-HANVEY, NURSING SUPERVISOR, AT MIKE DURFEE STATE PRISON INDIVIDUAL AND OFFICIAL CAPACITY; LINDSEY RABBASS, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ROBIN MYER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CANDICE FEJFAR, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DAYNA KLAWITTER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS CROPPER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS HUITEMA, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; LORI STRATMAN, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MIKE GROSSHUESCH, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; NICOLE ST. PIERRE, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MURIEL NAMMINGA, LAUNDRY SUPERVISOR AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CATHERINE SCHLIMGEN, LEGAL COUNSEL FOR THE SOUTH DAKOTA DOC, INDIVDUAL AND OFFICIAL CAPACITY; UNKNOWN CBM FOOD SERVICES EMPLOYEES,

| | |
|---|---|
| INDIVIDUAL AND OFFICIAL CAPACITIES; UNKNOWN SOUTH DAKOTA DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITES; UNKNOWN SOUTH DAKOTA DOH EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; JON E. LITSCHER, SECRETARY OF THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; KATHARINE A. ARISS, ASSISTANT LEGAL COUNSEL FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS P. MALONEY, LIBRARY SERVICES AND EDUCATIONAL TECHNOLOGY COORDINATOR FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN WISCONSIN DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; AND CBM FOOD SERVICES, MEAL AND COMMISSARY PROVIDER FOR THE SOUTH DAKOTA DOC, OFFICIAL CAPACITY;<br><br>                    Defendants. | |

Plaintiff has filed a motion requesting that the court appoint someone trained in the law to represent him. (Doc. 5). "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Plaintiff alleges defendants have been deliberately indifferent to his serious medical needs, have violated his First Amendment right of free speech, have denied him access to the courts, have retaliated against him, and have violated his rights under the Americans with Disabilities Act.

This case is not legally complex. The law regarding plaintiff's claims is well-settled and is described in more detail in the order for service entered this same date.

Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter. The court would not benefit from the assistance of counsel at this point in the proceedings. Plaintiff, although incarcerated, is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. The legal issues involved do not appear to be legally complex at this point in the proceedings. Considering all the relevant factors, as discussed above, and upon the record to date, it is hereby

ORDERED that plaintiff's motion for appointment of counsel (Doc. 5) is denied without prejudice.

DATED this 22nd day of January, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge