UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STANLEY J. MADAY, | ) | 4:17-CV-04168-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOB DOOLEY, CHIEF WARDEN AT MIKE | ) | |
| DURFEE STATE PRISON, INDIVIDUAL | ) | |
| AND OFFICIAL CAPACITY; DENNIS | ) | |
| KAEMINGK, SECRETARY OF THE SOUTH | ) | |
| DAKOTA DOC, INDIVIDUAL AND | ) | **DEFENDANT BRAD ADAMS'** |
| OFFICIAL CAPACITY; DR. MARY | ) | **MEMORANDUM IN SUPPORT OF** |
| CARPENTER, DIRECTOR OF THE | ) | **MOTION TO DISMISS FOR** |
| DEPARTMENT OF HEALTH, INDIVIDUAL | ) | **FAILURE TO STATE A CLAIM** |
| AND OFFICIAL CAPACITY; JENNIFER | ) | **UPON WHICH RELIEF MAY BE** |
| STANWICK-KLIMEK, DEPUTY WARDEN | ) | **GRANTED** |
| AT MIKE DURFEE STATE PRISON, | ) | |
| INDIVIDUAL AND OFFICIAL CAPACITY; | ) | |
| REBECCA SCHIEFFER, ASSOCIATE | ) | |
| WARDEN AT MIKE DURFEE STATE | ) | |
| PRISON, INDIVIDUAL AND OFFICIAL | ) | |
| CAPACITY; ALEJANDRO REYES, | ) | |
| ASSOCIATE WARDEN AT MIKE DURFEE | ) | |
| STATE PRISON, INDIVIDUAL AND | ) | |
| OFFICIAL CAPACITY; BRENT FLUKE, | ) | |
| ASSOCIATE WARDEN AT MIKE DURFEE | ) | |
| STATE PRISON, INDIVIDUAL AND | ) | |
| OFFICIAL CAPACITY; JOSH KLIMEK, UNIT | ) | |
| MANAGER AT MIKE DURFEE STATE | ) | |
| PRISON, INDIVIDUAL AND OFFICIAL | ) | |
| CAPACITY; TRAVIS TJEERDSMA, CASE | ) | |
| MANAGER AT MIKE DURFEE STATE | ) | |
| PRISON, INDIVIDUAL AND OFFICIAL | ) | |
| CAPACITY; TAMMY DEJONG, CASE | ) | |
| MANAGER AT MIKE DURFEE STATE | ) | |
| PRISON, INDIVIDUAL AND OFFICIAL | ) | |
| CAPACITY; PA-MICHAEL JOE HANVEY, | ) | |
| MEDICAL PROVIDER AT MIKE DURFEE | ) | |
| STATE PRISON, INDIVIDUAL AND | ) | |
| OFFICIAL CAPACITY; PA-BRAD ADAMS, | ) | |
| MEDICAL PROVIDER AT MIKE DURFEE | ) | |

STATE PRISON, INDIVIDUAL AND )
OFFICIAL CAPACITY; DR. STEPHAN )
SCHROEDER, MEDICAL PROVIDER AT )
MIKE DURFEE STATE PRISON, )
INDIVIDUAL AND OFFICIAL CAPACITY; )
MISTY TOLSMA-HANVEY, NURSING )
SUPERVISOR AT MIKE DURFEE STATE )
PRISON, INDIVIDUAL AND OFFICIAL )
CAPACITY; LINDSEY RABBASS, NURSE )
AT MIKE DURFEE STATE PRISON, )
INDIVIDUAL AND OFFICIAL CAPACITY; )
ROBIN MYER, NURSE AT MIKE DURFEE )
STATE PRISON, INDIVIDUAL AND )
OFFICIAL CAPACITY; CANDICE FEJFAR, )
NURSE AT MIKE DURFEE STATE PRISON, )
INDIVIDUAL AND OFFICIAL CAPACITY; )
DAYNA KLAWITTER, NURSE AT MIKE )
DURFEE STATE PRISON, INDIVIDUAL )
AND OFFICIAL CAPACITY; DENNIS )
CROPPER, CORRECTIONAL OFFICER AT )
MIKE DURFEE STATE PRISON, )
INDIVIDUAL AND OFFICIAL CAPACITY; )
THOMAS HUITEMA, CORRECTIONAL )
OFFICER AT MIKE DURFEE STATE )
PRISON, INDIVIDUAL AND OFFICIAL )
CAPACITY; MICHAEL MEYER, )
CORRECTIONAL OFFICER AT MIKE )
DURFEE STATE PRISON, INDIVIDUAL )
AND OFFICIAL CAPACITY; LORI )
STRATMAN, CORRECTIONAL OFFICER AT )
MIKE DURFEE STATE PRISON, )
INDIVIDUAL AND OFFICIAL CAPACITY; )
MIKE GROSSHUESCH, CORRECTIONAL )
OFFICER AT MIKE DURFEE STATE )
PRISON, INDIVIDUAL AND OFFICIAL )
CAPACITY; NICOLE ST. PIERRE, )
CORRECTIONAL OFFICER AT MIKE )
DURFEE STATE PRISON, INDIVIDUAL )
AND OFFICIAL CAPACITY; MURIEL )
NAMMINGA, LAUNDRY SUPERVISOR AT )
MIKE DURFEE STATE PRISON, )
INDIVIDUAL AND OFFICIAL CAPACITY; )
CATHERINE SCHLIMGEN, LEGAL )
COUNSEL FOR THE SOUTH DAKOTA DOC, )
INDIVIDUAL AND OFFICIAL CAPACITY; )
UNKNOWN CBM FOOD SERVICES )

EMPLOYEES, INDIVIDUAL AND OFFICIAL          )
CAPACITIES; UNKNOWN SOUTH DAKOTA            )
DOC EMPLOYEES, INDIVIDUAL AND               )
OFFICIAL CAPACITIES; UNKNOWN                )
SOUTH DAKOTA DOH EMPLOYEES,                 )
INDIVIDUAL AND OFFICIAL CAPACITIES;         )
JON E. LITSCHER, SECRETARY OF THE           )
WISCONSIN DOC, INDIVIDUAL AND               )
OFFICIAL CAPACITY; KATHARINE A.             )
ARISS, ASSISTANT LEGAL COUNSEL FOR          )
THE WISCONSIN DOC, INDIVIDUAL AND           )
OFFICIAL CAPACITY; THOMAS P.                )
MALONEY, LIBRARY SERVICES AND               )
EDUCATIONAL TECHNOLOGY                      )
COORDINATOR FOR THE WISCONSIN               )
DOC, INDIVIDUAL AND OFFICIAL                )
CAPACITY; UNKNOWN WISCONSIN DOC             )
EMPLOYEES, INDIVIDUAL AND OFFICIAL          )
CAPACITIES; AND CBM FOOD SERVICES,          )
MEAL AND COMMISSARY PROVIDER FOR            )
THE SOUTH DAKOTA DOC, OFFICIAL              )
CAPACITY,                                   )
                                            )
                    Defendants.             )

COMES NOW Defendant, Brad Adams, by and through J. Crisman Palmer and Katelyn A. Cook of Gunderson, Palmer, Nelson & Ashmore, LLP, his attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits this Memorandum in Support of his Motion to Dismiss.  The Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

## INTRODUCTION

While the Plaintiff's Complaint initially survived this Court's screening pursuant to 28 U.S.C. § 1914A, it fails to state a claim against Defendant Adams specifically.  The forty-nine page Complaint refers to him specifically only six times, and none of these references make any allegation against him that would expose him to liability for the claims brought by the Plaintiff.

3

The only claim in which Defendant Adams is named is one for deliberate indifference in violation of the Eighth Amendment of the United States Constitution.  Even accepting the Plaintiff's allegations as true, and even liberally construing the Complaint, the Complaint still fails to state a claim against Defendant Adams for deliberate indifference upon which relief may be granted.

## STANDARD

In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court "must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *SEC v. Thielbar*, 2008 U.S. Dist. LEXIS 73906, at *9 (D.S.D. Sep. 24, 2008) (citing *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997)). Because the rules regarding pleadings require only "notice" pleading instead of detailed fact pleading, "A court must construe a plaintiff's allegations liberally, and should only dismiss a complaint if a plaintiff has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1974). However, "a court need not accept as true 'legal conclusions even if they are cast in the form of factual allegations…or go to the merits of the suit.'" *Id.* (quoting *Ashley v. U.S. Dept. of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005) (internal quotations and citations omitted)).

A court may "consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and public documents." *Id.*  A claimant cannot rely on a legal memorandum to assert facts because it does not "constitute [a] pleading[] under Rule 7(a) and therefore, a court may not take into account any additional facts asserted therein." *Id.* (citing *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that

4

"it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss")).

Pleadings by pro se litigants are provided liberal construction. *See Cochrun v. Young*, 2015 U.S. Dist. LEXIS 73069, at *26 (D.S.D. Feb. 26, 2015).  However, "even considering the liberal construction given to pro se plaintiffs' pleadings, the facts alleged in a complaint must state a claim for relief as a matter of law." *Sorenson v. Minn. Dep't of Human Servs.*, 2014 U.S. Dist. LEXIS 119613, at *24-25 (D. Minn. July 31, 2014) (citing *Sorenson v. Minnesota Dep't of Corr.*, 2012 U.S. Dist. LEXIS 107912, 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012)); *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980)).

Thus, although "pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Id.* (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted)); *see also* e.g., *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (with regard to a pro-se plaintiff, a court "will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"). Thus, pro-se litigants "are not excused from failing to comply with substantive and procedural law." *Id.* (citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984)).

## BRIEF FACTUAL BACKGROUND

The Complaint contains 19 separate claims and names 34 separate defendants. The Complaint contains claims for violation of the Eighth Amendment prohibition on cruel and unusual punishment, violation of the Plaintiff's First Amendment rights, violation of the ADA, denial of access to the courts, and retaliation.  However, the Complaint only makes minimal

reference to Defendant Adams, none of which actually contain allegations of wrongdoing against him.[1]

Factual Statements Referencing Defendant Adams

¶ 65: On 14 October, 2015, I was called to medical for a follow up to my sick call visit of 11 September, 2015.  I was seen by P.A. Brad Adams at which time we discussed the lesion under my left big toenail and the severe pain in my right heel.  I was scheduled for a consult with a podiatrist for the toenail and then given arch support inserts for my heel pain.  These arch support inserts were on site and did not have to be special ordered indicating that they could have been provided to me during my chronic care visit in July 2015.  I was also scheduled for x-rays of my right heel to rule out a bone spur as the cause of my pain.

¶ 83: On 9 August, 2016, I reported to medical for a chronic care visit with P.A. Brad Adams.  At this appointment I asked him if it was normal to have constant pain at the site of a fracture after it was supposed to have healed.  He stated that it was not unheard of for a patient to experience pain at the site of a fracture after it had healed.  As a result of the explanation given by P.A. Brad Adams, I did not pursue further action towards the pain in my foot until it began to worsen.

¶ 86: On 7 February, 2017, I reported to medical for a chronic care visit with P.A. Brad Adams.  During this appointment I complained of constant pain in my foot at the site of the stress fracture.  I told P.A. Brad Adams that I had complained of this during a sick call visit on 7 September, 2016, but was never called back for a follow up.  Again due to disorganized lines of therapeutic responsibility I was denied treatment.  This is just another example of how medical staff only treat symptoms instead of addressing the cause of an issue.  Since I have a history of arthritis P.A. Brad Adams ordered x-rays be taken of my foot.

¶ 89: On 15 February, 2017, I was called to medical for a follow up visit to the x-rays taken on 10 February, 2017.  I was seen by P.A. Adams.  I was then told the stress fracture to the fourth metatarsal of my right foot was now worse with a partial displacement.  During this visit my foot was placed in a homemade splint with two ace wraps because medical did not have a properly fitting waking cast/boot in stock.  I was also finally issued a pair of used mismatched crutches of unequal length.  During this visit P.A. Brad Adams told me that my blood work revealed that I was suffering from vitamin B12, vitamin D and calcium deficiencies along with an elevated rheumatoid factor.

"Claims" Referencing Defendant Adams

---

[1] The Defendant has omitted the reference to him for jurisdictional purposes as it is irrelevant to the Plaintiff's deliberate indifference claim.

¶ 136: On 9 August, 2016, I spoke with P.A. Brad Adams about the pain in my foot and was told by him that it was normal.[2]

(Doc. No. 1).  This single "claim" against Defendant Adams is contained within the section of the Complaint dealing with deliberate indifference in violation of the Eighth Amendment. *Id.*

## ARGUMENT

### A. The Complaint fails to state a claim against Defendant Adams for deliberate indifference.

A claim of deliberate indifference to serious medical needs "has both objective and subjective components." *Joiner v. Stubblefield*, 2006 U.S. Dist. LEXIS 52445, at *7-8 (E.D. Mo. July 27, 2006).  In order to demonstrate the "deliberate indifference" necessary to sufficiently plead an Eighth Amendment violation, a plaintiff must demonstrate (1) that he had an objectively severe medical need, and (2) that prison officials knew of, but deliberately disregarded, that need. *Sorenson*, 2014 U.S. Dist. LEXIS 119613, at *46-47 (citing *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).  To do so, a plaintiff must "demonstrate 'more than negligence, more even than gross negligence . . .'" *Id.* (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

### (1) The Plaintiff has not established that he had an objectively severe medical need.

---

[2] The remainder of this paragraph does not reference Dr. Adams again. However, for the Court's ease of reference, it states:

> On 7 September 2016 I went to sick call and complained of severed pain in my foot at the site of the former fracture. RN Dayna Klowitter issued me a handout with exercises for my ankle which I performed daily.  I was never called back to medical for a follow up on the pain issue in my foot. In addition I made numerous requests for proper fitting diabetic shoes and socks which medical and unit staff ignored.  Medical staff ignored my complaints of pain in my foot until February 2017 when it was found that the fracture was not only worse it was now displaced and forming a mal-union.  To date I am still experiencing pain at the site of the fracture.  This is a violation of my right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

(Doc. No. 1Claim 8, ¶ 136).

To satisfy the first prong necessary for a claim of deliberate indifference, "a plaintiff must plead facts sufficient to show that the alleged deprivation was, in objective terms, 'sufficiently serious.'" *Joiner*, 2006 U.S. Dist. LEXIS 52445, at *7-8.   A "sufficiently serious condition" is one that is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Id.* (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)).

The Plaintiff's allegations against Defendant Adams fail to establish that he had a "sufficiently serious medical need."  The Plaintiff alleges he discussed a lesion under his toe nail and heel pain with Defendant Adams. *See* Complaint ¶ 65.  He also discussed pain at the site of his fracture. *Id.* at ¶ 83, 86.  He states that he told Defendant Adams he had not been called back in for a follow up with a another provider and broadly alleges that he was "denied treatment" due to "disorganized lines of therapeutic responsibility," but does not provide any explanation as to how (or if) this involved Defendant Adams in any way.

While these conversations between the Plaintiff and Defendant Adams involved issues that may have caused the Plaintiff pain, the Complaint fails to allege that the Plaintiff's ailments constitute a "severe medical need" that was "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Id.*  Thus, the first element of the deliberate indifference requirements is not satisfied.

(2)     **The Plaintiff's Complaint fails to satisfy the second, subjective element of a claim for deliberate indifference.**

To satisfy the second, subjective element necessary to state a viable claim for deliberate indifference, the prisoner must show "both (1) that a prison official had actual knowledge that the prisoner's medical condition created a substantial risk of serious harm to the prisoner's health, and (2) that the prison official failed to act reasonably to abate that risk." *Joiner*, 2006 U.S. Dist. LEXIS 52445, at *7-8 (quoting *Baez v. Rosemack*, 2011 U.S. Dist. LEXIS 103513, at

*13 (D. Minn. Aug. 9, 2011) (Brisbois, M.J.) (citing *Coleman v. Rahija*, 114 F.3d 778, 785 (8th Cir. 1997)).  "[D]eliberate indifference entails a level of culpability equal to the criminal law definition of recklessness." *Id.* (quoting *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004); *Farmer v. Brennan*, 511 U.S. 825, 835-36, 114 S.Ct. 1970, 128 L. Ed. 2d 811 (1994)).

First, the only "claim" made by Plaintiff that references Defendant Adams is Claim 8, which contains this sole reference to Defendant Adams: "I spoke with PA Brad Adams about the pain in my foot and was told by him that it was normal." (Doc. No. 1, Claim 8, ¶ 136).  This is insufficient to show that Defendant Adams "had actual knowledge that the [Plaintiff's] medical condition created a substantial risk of serious harm to the [Plaintiff's] health." *See Joiner*, 2006 U.S. Dist. LEXIS 52445, at *7-8.  Clearly, telling the Plaintiff that pain in a fractured joint after it healed is not "unheard of" or that it is "normal" does not rise to the level of indifference required to sustain a deliberate indifference claim, and does not sufficiently allege that Defendant Adams had knowledge of any condition that created a substantial risk of serious harm to the Plaintiff's health.

Even if this sentence were to be construed as bad advice, or even malpractice (which Defendant Adams stringently denies), it still would not be enough to support a claim for deliberate indifference because even  "medical malpractice does not amount to deliberate indifference 'merely because the victim is a prisoner.'" *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)). The only indifference that can give rise to a viable Eighth Amendment claim is "indifference that can offend 'evolving standards of decency.'" *Estelle*, 429 U.S. at 106.

Second, the Complaint fails to allege that Defendant Adams "failed to act reasonably" to abate any substantial risk of serious harm to the Plaintiff's health. *Joiner*, 2006 U.S. Dist. LEXIS

52445, at *7-8.   Again, none of these references to Defendant Adams allege that Defendant Adams did anything improper, much less that he was culpable to the point of meeting the "criminal law definition of recklessness." *Joiner*, 2006 U.S. Dist. LEXIS 52445, at *7-8 (quoting *Bender*, 385 F.3d at 1137).  The Plaintiff complained of heel pain; Defendant Adams ordered x-rays to rule out bone spurs. *See* Complaint at ¶ 65.  The Plaintiff's stress fracture had become displaced; Defendant Adams put him into a splint with ace wraps. ¶ 89.  These references to Defendant Adams merely state observations as to what care was provided (Defendant Adams ordered x-rays or noted that the Plaintiff had vitamin deficiencies) and do not make any allegation that he failed to act reasonably in treating the Plaintiff.

The Plaintiff's Complaint fails to allege that Defendant Adams subjectively had actual knowledge of a substantial risk of serious harm to the Plaintiff's health, and that he failed to act reasonably to abate that risk.  Because the Complaint fails to satisfy the second prong required to state a viable claim for deliberate indifference, this Court should dismiss the claim against Defendant Adams.

## CONCLUSION

The Complaint should be dismissed on the merits for failure to state a claim against Defendant Adams upon which relief may be granted. The references in the Complaint to Defendant Adams are just that—references.  They detail treatment that was received from Defendant Adams, but do not allege that treatment was improper, negligent, or withheld.   These references to Defendant Adams' interaction with the Plaintiff do not demonstrate negligence, much less the "even more than gross negligence" necessary to plead an adequate showing of deliberate indifference.  *Id.* (quoting *Estate of Rosenberg*, 56 F.3d at 37). Thus, even when

10

liberally construed, the Plaintiff's Complaint does not satisfy either of the required elements to plead deliberate indifference.

Therefore, Defendant Adams respectfully requests this Court dismiss the Plaintiff's claims against him for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:  February 27, 2018.

GUNDERSON, PALMER, NELSON
& ASHMORE, LLP

By:   */s/ J. Crisman Palmer*
      J. Crisman Palmer
      Katelyn A. Cook
      Attorneys for Defendant, Brad Adams
      506 Sixth Street
      P.O. Box 8045
      Rapid City, SD  57709
      Telephone: (605) 342-1078
      Telefax:  (605) 342-9503
      E-mail:  cpalmer@gpna.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on February 27, 2018, a true and correct copy of **DEFENDANT BRAD ADAMS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** was served upon the following individuals in the manner set forth below:

<u>Via U.S. Mail</u>:

Stanley J. Maday, #34947
Mike Durfee State Prison
1412 Wood Street
Springfield, SD 57062

<u>Via ECF</u>:

Frank E. Geaghan
Attorney General of South Dakota
1302 E. Highway 14, Suite 1
Pierre, SD 57501-8501
Email: frank.geaghan@state.sd.us

By:   */s/ J. Crisman Palmer*
      J. Crisman Palmer

12