UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STANLEY J. MADAY,<br><br>    Plaintiff,<br><br> vs.<br><br>BOB DOOLEY, CHIEF WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF THE SOUTH DAKOTA DOC, INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, DIRECTOR OF THE DEPARTMENT OF HEALTH, INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLIMEK, DEPUTY WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ALEJANDRO REYES, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, ASSOCIATE WARDEN AT MIKE DURFEE STTAE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; JOSH KLIMEK, UNIT MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA MICHAEL JOE HANVEY, | 4:17-CV-04168-KES<br><br><br><br>REPORT & RECOMMENDATION ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>Docket No. 39 |

MEDICAL PROVIDER AT MIKE
DURFEE STATE PRISON, INDIVIDUAL
AND OFFICIAL CAPACITY; PA BRAD
ADAMS, MEDICAL PROVIDER AT MIKE
DURFEE STATE PRISON, INDIVIDUAL
AND OFFICIAL CAPACITY; DR.
STEPHAN SCHROEDER, MEDICAL
PROVIDER AT MIKE DURFEE STATE
PRISON, INDIVIDUAL AND OFFICIAL
CAPACITY; MISTY TOLSMA-HANVEY,
NURSING SUPERVISOR, AT MIKE
DURFEE STATE PRISON INDIVIDUAL
AND OFFICIAL CAPACITY; LINDSEY
RABBASS, NURSE AT MIKE DURFEE
STATE PRISON, INDIVIDUAL AND
OFFICIAL CAPACITY; ROBIN MYER,
NURSE AT MIKE DURFEE STATE
PRISON, INDIVIDUAL AND OFFICIAL
CAPACITY; CANDICE FEJFAR, NURSE
AT MIKE DURFEE STATE PRISON,
INDIVIDUAL AND OFFICIAL CAPACITY;
DAYNA KLAWITTER, NURSE AT MIKE
DURFEE STATE PRISON, INDIVIDUAL
AND OFFICIAL CAPACITY; DENNIS
CROPPER, CORRECTIONAL OFFICER
AT MIKE DURFEE STATE PRISON,
INDIVIDUAL AND OFFICIAL CAPACITY;
THOMAS HUITEMA, CORRECTIONAL
OFFICER AT MIKE DURFEE STATE
PRISON, INDIVIDUAL AND OFFICIAL
CAPACITY; MICHAEL MEYER,
CORRECTIONAL OFFICER AT MIKE
DURFEE STATE PRISON, INDIVIDUAL
AND OFFICIAL CAPACITY; LORI
STRATMAN, CORRECTIONAL OFFICER
AT MIKE DURFEE STATE PRISON,
INDIVIDUAL AND OFFICIAL CAPACITY;
MIKE GROSSHUESCH,
CORRECTIONAL OFFICER AT MIKE
DURFEE STATE PRISON, INDIVIDUAL
AND OFFICIAL CAPACITY; NICOLE ST.
PIERRE, CORRECTIONAL OFFICER AT
MIKE DURFEE STATE PRISON,
INDIVIDUAL AND OFFICIAL CAPACITY;
MURIEL NAMMINGA, LAUNDRY
SUPERVISOR AT MIKE DURFEE STATE

PRISON, INDIVIDUAL AND OFFICIAL
CAPACITY; CATHERINE SCHLIMGEN,
LEGAL COUNSEL FOR THE SOUTH
DAKOTA DOC, INDIVDUAL AND
OFFICIAL CAPACITY;  UNKNOWN CBM
FOOD SERVICES EMPLOYEES,
INDIVIDUAL AND OFFICIAL
CAPACITIES;  UNKNOWN SOUTH
DAKOTA DOC EMPLOYEES,
INDIVIDUAL AND OFFICIAL
CAPACITES;  UNKNOWN SOUTH
DAKOTA DOH EMPLOYEES,
INDIVIDUAL AND OFFICIAL
CAPACITIES; JON E. LITSCHER,
SECRETARY OF THE WISCONSIN
DOC, INDIVIDUAL AND OFFICIAL
CAPACITY; KATHARINE A. ARISS,
ASSISTANT LEGAL COUNSEL FOR THE
WISCONSIN DOC, INDIVIDUAL AND
OFFICIAL CAPACITY; THOMAS P.
MALONEY, LIBRARY SERVICES AND
EDUCATIONAL TECHNOLOGY
COORDINATOR FOR THE WISCONSIN
DOC, INDIVIDUAL AND OFFICIAL
CAPACITY;  UNKNOWN WISCONSIN
DOC EMPLOYEES, INDIVIDUAL AND
OFFICIAL CAPACITIES; AND  CBM
FOOD SERVICES, MEAL AND
COMMISSARY PROVIDER FOR THE
SOUTH DAKOTA DOC, OFFICIAL
CAPACITY;

Defendants.

This matter is pending before the court on the *pro se* complaint of

prisoner Stanley Maday.  Mr. Maday alleges numerous claims under 42 U.S.C.

§ 1983 and the Americans with Disabilities Act (ADA).  See Docket No. 1.

Among Mr. Maday's claims are that defendants are violating his constitutional

rights by failing to provide him with access to Wisconsin law.  Mr. Maday was

3

convicted under Wisconsin law, but because he was a state corrections officer prior to his conviction, he is being held in a South Dakota state prison.  Now before the court is Mr. Maday's motion for a temporary restraining order (TRO) and a preliminary injunction.  See Docket No. 39.

A court presented with a request for a TRO or preliminary injunction must consider the following four factors:  (1) there is a threat of irreparable harm to the movant; (2) the balance between this harm and the injury that *not* granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest.  Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981).

In his motion, Mr. Maday alleges he has already filed a state habeas petition collaterally attacking his Wisconsin conviction.  That petition was filed in Wisconsin state courts.  Now, Mr. Maday alleges he wishes to pursue his federal remedies for habeas corpus pursuant to 28 U.S.C. § 2254.  For this, he alleges he must have access to Wisconsin state legal materials.  He seeks an order from the court requiring defendants to provide Wisconsin state legal materials to him.

First, it appears the Wisconsin state Department of Corrections already provided Mr. Maday with a copy of the entire chapter of Wisconsin statutes pertaining to state habeas practice in Wisconsin.  See Docket No. 40-1 at p. 24 (enclosing a copy of Chapter 782 of the Wisconsin Statutes pertaining to habeas corpus).  More importantly, however, federal habeas petitions collaterally attacking state court convictions (under § 2254), are based *solely*

4

on *federal* constitutional provisions or *federal* statutes or treaties.  Section 2254 states:  "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).  If a prisoner in state custody presents claims based on state law in a § 2254 petition, the federal courts will not entertain those claims.  Carney v. Fabian, 487 F.3d 1094, 1096-97 (8th Cir. 2007).

Mr. Maday has not alleged he has no access to federal habeas law or to federal constitutional or statutory law.  The court finds he has failed to show a threat of irreparable harm (Wisconsin law will not assist him to prepare a § 2254 petition), and he has failed to show any probability of success on the merits (he has not shown the relevance of Wisconsin law to a § 2254 petition).  Dataphase, 640 F.2d at 114. Therefore, he has not alleged grounds for the issuance of an injunction of any kind.

For the foregoing facts, law, and analysis, this court respectfully

RECOMMENDS that plaintiff Stanley Maday's motion for a TRO and a preliminary injunction [Docket No. 30] be denied.

DATED this 20th day of March, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

5