UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STANLEY J. MADAY, <br><br>Plaintiff, <br><br> vs. <br><br>BOB DOOLEY, CHIEF WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF THE SOUTH DAKOTA DOC, INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, DIRECTOR OF THE DEPARTMENT OF HEALTH, INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLIMEK, DEPUTY WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ALEJANDRO REYES, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, ASSOCIATE WARDEN AT MIKE DURFEE STTAE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; JOSH KLIMEK, UNIT MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, CASE | 4:17-CV-04168-KES <br><br><br><br> ORDER GRANTING MOTION FOR PROTECTIVE ORDER IN PART <br><br> Docket No. 43 |

MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA MICHAEL JOE HANVEY, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA BRAD ADAMS, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DR. STEPHAN SCHROEDER, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MISTY TOLSMA-HANVEY, NURSING SUPERVISOR, AT MIKE DURFEE STATE PRISON INDIVIDUAL AND OFFICIAL CAPACITY; LINDSEY RABBASS, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ROBIN MYER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CANDICE FEJFAR, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DAYNA KLAWITTER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS CROPPER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS HUITEMA, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; LORI STRATMAN, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MIKE GROSSHUESCH, CORRECTIONAL OFFICER AT MIKE

DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; NICOLE ST. PIERRE, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MURIEL NAMMINGA, LAUNDRY SUPERVISOR AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CATHERINE SCHLIMGEN, LEGAL COUNSEL FOR THE SOUTH DAKOTA DOC, INDIVDUAL AND OFFICIAL CAPACITY; UNKNOWN CBM FOOD SERVICES EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; UNKNOWN SOUTH DAKOTA DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITES; UNKNOWN SOUTH DAKOTA DOH EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; JON E. LITSCHER, SECRETARY OF THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; KATHARINE A. ARISS, ASSISTANT LEGAL COUNSEL FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS P. MALONEY, LIBRARY SERVICES AND EDUCATIONAL TECHNOLOGY COORDINATOR FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN WISCONSIN DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; AND CBM FOOD SERVICES, MEAL AND COMMISSARY PROVIDER FOR THE SOUTH DAKOTA DOC, OFFICIAL CAPACITY;

Defendants.

This matter is before the court on the *pro se* complaint of Stanley Maday alleging numerous claims under 42 U.S.C. § 1983 and under the Americans with Disabilities Act (ADA). Pending is a motion for a protective order by several of the defendants. Docket No. 43. Defendants allege they have yet to file an answer to Mr. Maday's complaint, but that he is already peppering defendants with numerous discovery requests which are extremely extensive in their scope. Defendants seek an order staying discovery in this case until they are able to file a motion seeking to enforce the qualified immunity defense. Mr. Maday objects to defendants' motion. See Docket No. 55.[1]

In order to show a *prima facie* case under 42 U.S.C. § 1983, Mr. Maday must show (1) defendants acted under color of state law and (2) " 'the alleged wrongful conduct deprived him of a constitutionally protected federal right.' " Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)).

Qualified immunity protects government officials from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit, not just a defense to liability at trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Therefore, the Supreme Court has "repeatedly stressed the

---

[1] The court notes that discovery is not to take place until after defendant has answered with few exceptions. See FED. R. CIV. P. 26(d).

4

importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 536 (1991).

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that one of the two elements is not met, the court need not decide the other element, and the court may address the elements in any order it wishes "in light of the circumstances of the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Defendants are entitled to qualified immunity if the answer to either of the Saucier prongs is "no."

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.' " Stanton v. Sims, 571 U.S. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, 563 U.S. 731 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))). " 'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.' " Stanton, 571 U.S. at 5. " 'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.' " Ambrose

5

v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818). Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity will the plaintiff "be entitled to some discovery." Id. Even then, the Court has pointed out that Fed. R. Civ. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of requests to admit, to bar discovery on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence. Id.

Here, defendants have asserted the affirmative defense of qualified immunity. See Docket No. 43. Based on the above law, the court hereby

ORDERS that defendant's motion to stay [Docket No. 43] is granted in part and denied in part. All discovery in this case except as addressed below is stayed until after resolution of defendants' qualified immunity defense. Defendants shall file their motion based on the qualified immunity defense as soon as possible, but no later than July 1, 2018. It is further

6

ORDERED that defendant shall provide immediately to Mr. Maday any and all medical records, including kites regarding medical care, pertaining to himself during his period of incarceration with defendants. This order is intended to cover all medical records for Mr. Maday, even if those records are in the custody of medical providers outside the South Dakota state penitentiary or South Dakota Department of Health system. If necessary, Mr. Maday shall sign a release allowing independent medical providers to disclose his medical records to defendants in order to effectuate this order.

DATED March 23, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge