UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY J. MADAY,<br><br>Plaintiff,<br><br>vs.<br><br>BOB DOOLEY, CHIEF WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF THE SOUTH DAKOTA DOC, INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, DIRECTOR OF THE DEPARTMENT OF HEALTH, INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLIMEK, DEPUTY WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ALEJANDRO REYES, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, ASSOCIATE WARDEN AT MIKE DURFEE STTAE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; JOSH KLIMEK, UNIT MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA MICHAEL JOE HANVEY, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA BRAD | 4:17-CV-04168-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CBM FOOD SERVICES AND UNKNOWN CBM FOOD SERVICE EMPLOYEES |

ADAMS, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DR. STEPHAN SCHROEDER, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MISTY TOLSMA-HANVEY, NURSING SUPERVISOR, AT MIKE DURFEE STATE PRISON INDIVIDUAL AND OFFICIAL CAPACITY; LINDSEY RABBASS, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ROBIN MYER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CANDICE FEJFAR, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DAYNA KLAWITTER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS CROPPER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS HUITEMA, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; LORI STRATMAN, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MIKE GROSSHUESCH, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; NICOLE ST. PIERRE, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MURIEL NAMMINGA, LAUNDRY SUPERVISOR AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CATHERINE SCHLIMGEN,

LEGAL COUNSEL FOR THE SOUTH DAKOTA DOC, INDIVDUAL AND OFFICIAL CAPACITY; UNKNOWN CBM FOOD SERVICES EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; UNKNOWN SOUTH DAKOTA DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITES; UNKNOWN SOUTH DAKOTA DOH EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; JON E. LITSCHER, SECRETARY OF THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; KATHARINE A. ARISS, ASSISTANT LEGAL COUNSEL FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS P. MALONEY, LIBRARY SERVICES AND EDUCATIONAL TECHNOLOGY COORDINATOR FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN WISCONSIN DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; CBM FOOD SERVICES, MEAL AND COMMISSARY PROVIDER FOR THE SOUTH DAKOTA DOC, OFFICIAL CAPACITY; STEPHANIE HAMILTON, RN AT MIKE DURVEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TIFFANY VOIGT, UNIT COORDINATOR, INDIVIDUAL AND OFFICIAL CAPACITY; DIANE ROMKEMA, CASE MANAGER, INDIVIDUAL AND OFFICIAL CAPACITY; GLOBAL TEL &AMP; LINK CORPORATION, OFFICIAL CAPACITY; UNKNOWN GTL EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; LEXIS NEXIS, OFFICIAL CAPACITY; AND UNKNOWN LEXIS NEXIS EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES;

            Defendants.

Plaintiff, Steven Maday, filed this lawsuit under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). The case was referred to Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B), including defendants CBM food services and unknown CBM food service employees' (collectively "CBM") motion to dismiss under Fed. R. Civ. P. 12(b)(6). Maday responded. Docket 66. On May 30, 2018, Magistrate Judge Duffy submitted her report and recommended that CBM's motion to dismiss be granted. Docket 95. Maday objects to the report and recommendation. Docket 98. For the reasons below, Magistrate Judge Duffy's report and recommendation is adopted and CBM's motion to dismiss is granted.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## LEGAL STANDARD FOR 12(b)(6) MOTIONS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court assumes that all facts in the complaint

are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The factual content in the complaint must " 'allow[] the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.' " *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As a *pro se* plaintiff, the court lowers the pleading standards liberally in favor of the complaint, however, the court " 'will not supply additional facts, nor will construct a legal theory for plaintiff that assumes facts that have not been pleaded.' " *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

If the complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 556). Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but they do not require dismissal of a complaint for imperfectly stating a claim.

## DISCUSSION

Title II of the ADA, 42 U.S.C. § 12132 et seq., prohibits a public entity from discriminating against a qualified individual with a disability. The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc).

In his objection to the report and recommendation, Maday directs the court to several cases where he argues other courts found CBM to be a public entity. For example, Maday asserts that "United States District Judge Lawrence Piersol has effectively answered the question as to whether or not CBM Food Services at MDSP is a state actor" in *Dale v. Dooley*, No. 4:14-CV-04003-LLP, Dockets 68 (D.S.D. Aug. 24, 2015) and 72 (D.S.D. Sept. 29, 2015). Docket 111. In the relevant section of *Dale*, the court found that Dale did not establish that he was a person with a disability under the ADA but did not find that CBM was a public entity under the ADA. *See Dale,* No. 4:14-CV-04003-LLP, Docket 72 at 91 (D.S.D. August 26, 2018). After reviewing Maday's citations, the court finds no support for Maday's assertion that CBM foods is a public entity under Title II of the ADA.

CBM is not a "public entity" as defined by Title II of the ADA. *See Johnson v. Neiman*, 504 Fed. Appx. 543, 545 (8th Cir. 2013) (per curiam) (citing *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010)); *Dinkins v. Corr. Med. Serv.*, 743 F.3d 633, 634–35 (8th Cir. 2014) (per curiam). A private

contractor does not become a "public entity" under Title II merely by contracting with a governmental entity to provide governmental services. *Green v. City of New York*, 465 F.3d 65, 79 (2nd Cir. 2006). The Eighth Circuit cited favorably decisions holding that even when a private company contracts with a government to perform traditional and essential governmental functions, it remains a private company and not a "public entity" under Title II of the ADA. *Edison*, 604 F.3d at 1309–10 (citing *Green*, 465 F.3d at 79). Thus, Maday's claim against CBM and its unnamed employees fails because CBM is not a public entity subject to Title II of the ADA.

It is ORDERED:

1. Maday's objections to the report and recommendation (Docket 98) are overruled.
2. The report and recommendation of Magistrate Judge Duffy (Docket 95) is adopted in full.
3. CBM Food Services and Unknown CBM Food Services Employees' motion to dismiss (Docket 62) is granted.

DATED August 24, 2018.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE