UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY J. MADAY,<br><br>Plaintiff,<br><br>vs.<br><br>BOB DOOLEY, CHIEF WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS KAEMINGK, SECRETARY OF THE SOUTH DAKOTA DOC, INDIVIDUAL AND OFFICIAL CAPACITY; DR. MARY CARPENTER, DIRECTOR OF THE DEPARTMENT OF HEALTH, INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER STANWICK-KLIMEK, DEPUTY WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ALEJANDRO REYES, ASSOCIATE WARDEN AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; BRENT FLUKE, ASSOCIATE WARDEN AT MIKE DURFEE STTAE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; JOSH KLIMEK, UNIT MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TRAVIS TJEERDSMA, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TAMMY DEJONG, CASE MANAGER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA MICHAEL JOE HANVEY, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; PA BRAD | 4:17-CV-04168-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING BRAD ADAMS |

ADAMS, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DR. STEPHAN SCHROEDER, MEDICAL PROVIDER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MISTY TOLSMA-HANVEY, NURSING SUPERVISOR, AT MIKE DURFEE STATE PRISON INDIVIDUAL AND OFFICIAL CAPACITY; LINDSEY RABBASS, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; ROBIN MYER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CANDICE FEJFAR, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DAYNA KLAWITTER, NURSE AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; DENNIS CROPPER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS HUITEMA, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MICHAEL MEYER, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; LORI STRATMAN, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MIKE GROSSHUESCH, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; NICOLE ST. PIERRE, CORRECTIONAL OFFICER AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; MURIEL NAMMINGA, LAUNDRY SUPERVISOR AT MIKE DURFEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; CATHERINE SCHLIMGEN,

LEGAL COUNSEL FOR THE SOUTH DAKOTA DOC, INDIVDUAL AND OFFICIAL CAPACITY;  UNKNOWN CBM FOOD SERVICES EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES;  UNKNOWN SOUTH DAKOTA DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITES;  UNKNOWN SOUTH DAKOTA DOH EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES; JON E. LITSCHER, SECRETARY OF THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; KATHARINE A. ARISS, ASSISTANT LEGAL COUNSEL FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY; THOMAS P. MALONEY, LIBRARY SERVICES AND EDUCATIONAL TECHNOLOGY COORDINATOR FOR THE WISCONSIN DOC, INDIVIDUAL AND OFFICIAL CAPACITY;  UNKNOWN WISCONSIN DOC EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES;  CBM FOOD SERVICES, MEAL AND COMMISSARY PROVIDER FOR THE SOUTH DAKOTA DOC, OFFICIAL CAPACITY; STEPHANIE HAMILTON, RN AT MIKE DURVEE STATE PRISON, INDIVIDUAL AND OFFICIAL CAPACITY; TIFFANY VOIGT, UNIT COORDINATOR, INDIVIDUAL AND OFFICIAL CAPACITY; DIANE ROMKEMA, CASE MANAGER, INDIVIDUAL AND OFFICIAL CAPACITY; GLOBAL TEL &AMP; LINK CORPORATION, OFFICIAL CAPACITY; UNKNOWN GTL EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES;  LEXIS NEXIS, OFFICIAL CAPACITY; AND  UNKNOWN LEXIS NEXIS EMPLOYEES, INDIVIDUAL AND OFFICIAL CAPACITIES;

      Defendants.

Plaintiff, Steven Maday, filed this lawsuit under 42 U.S.C. § 1983. Dockets 1 and 94. The case was referred to Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B), including defendant Brad Adams's motion to dismiss under Fed. R. Civ. P. 12(b)(6). On May 31, 2018, Magistrate Judge Duffy submitted her report and recommended that Adams's motion to dismiss be granted. Docket 96. Maday objected to the report and recommendation. Docket 99. For the reasons below, the court adopts Magistrate Judge Duffy's report and recommendation as modified and grants Adams's motion to dismiss.

**FACTUAL BACKGROUND**

For a complete factual background regarding Maday's allegations against Adams, the court refers to Magistrate Judge Duffy's report and recommendation. *See* Docket 96. The court will briefly provide a background of Maday's allegations against Adams, construing facts pleaded by Maday as true. Maday claims that Adams was deliberately indifferent to his serious medical needs. Docket 1 ¶ 38.

Adams first saw Maday on October 14, 2015 to follow up on a September 11, 2015 sick call. Docket 1 ¶ 65. Maday had a lesion under his left big toenail and severe pain in his right heel. *Id.* Adams referred Maday to a podiatrist outside of the prison for the lesion, provided arch support inserts for the heal pain, and ordered x-rays to rule out a bone spur. *Id.*

Adams next saw Maday on June 17, 2016. Docket 94 ¶ 514. Maday requested his preferred brand of diabetic sock, but Adams could not provide Maday with his preferred brand of diabetic sock. *Id.* Adams explained that the

4

only diabetic socks available were those issued by the MDSP laundry. *Id.* So Adams offered Maday a prescription for Ted hose stockings and gave Maday a handout on plantar fasciitis. *Id.* The handout included various stretches and the following instruction: "You may need to stay completely off your foot for several days when the pain is severe." Docket 99-1.

On July 1, 2016, Adams signed off on nurse Stephanie Hamilton's treatment plan that was developed during Maday's June 27, 2016 sick call with Hamilton. Docket 94 ¶ 517. During sick call, Maday complained of severe pain in both feet and requested a "medical lay in tray." *Id.* Maday relied on the handout he received from Adams. Dockets 94 and 99. Hamilton denied Maday's request and recommended walking to stretch the tendons. Docket 94 ¶ 517.

Then Adams saw Maday for a chronic care visit on August 9, 2016. *See* Docket 1 ¶ 83. Maday asked "if it was normal to have constant pain at the site of a fracture after it was supposed to have healed." *Id.* Adams responded that "it was not unheard of for a patient to experience pain at the site of a fracture after it had healed." *Id.* Maday relied on Adams's response and delayed seeking further treatment until his pain worsened. *Id.*

On February 7, 2017, Adams saw Maday for another chronic care visit. Docket 1 at ¶ 86. Maday complained of constant pain in his foot and Adams ordered x-rays of Maday's foot. *Id.* Maday's foot was x-rayed on February 10, 2017. *Id.* ¶ 87. Adams reviewed the x-rays with Maday on February 15, 2017. *Id.* ¶ 89. Adams diagnosed Maday with a stress fracture with a partial

5

displacement. *Id.* No walking boot in Maday's size was available so Adams wrapped Maday's foot in a splint and provided crutches. *Id.* On February 20, 2017, Dr. Terrance Peterson, the outside podiatrist, placed Maday's foot in an aircast and recommended ultrasonic bone growth simulator to accelerate the healing process. *Id.* ¶ 91. Maday began receiving ultrasonic bone growth treatment on March 1, 2017. *Id.* ¶ 93.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## LEGAL STANDARD FOR 12(b)(6) MOTIONS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The factual content in the complaint must " 'allow[] the court to draw a reasonable inference that the defendant is liable

6

for the misconduct alleged.' " *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). As a *pro se* plaintiff, the court lowers the pleading standards liberally in favor of the complaint, however, the court " 'will not supply additional facts, nor will construct a legal theory for plaintiff that assumes facts that have not been pleaded.' " *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989)).

If the complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir. 1985). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp.,* 550 U.S. at 556 (2007)). Federal pleading rules call for "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.

## DISCUSSION

The Eighth Amendment prohibits cruel and unusual punishment including prison officials' deliberate indifference to the medical needs of inmates. *Allard v. Baldwin,* 779 F.3d 768, 771 (8th Cir. 2015). "[D]eliberate

7

indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05.

"[T]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice. *See Estate of Rosenberg v. Crandall*, 56 F.3d 35, 37 (8th Cir. 1995) ("The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."). "Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990) (citations omitted). *See also Allard*, 779 F.3d at 772 (deliberate indifference can be shown by the defendant's decision to take an easier and less efficacious course of treatment or showing the defendant intentionally delayed or denied access to medical care).

8

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (citing *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991)). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). " '[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge.' " *Coleman*, 114 F.3d at 785 (citing *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996)).

In the report and recommendation, Magistrate Judge Duffy assumed without so holding that Maday suffered from serious medical needs. Docket 96 at 13. Magistrate Judge Duffy then found that each time Maday alleges that he

9

sought care from Adams, Adams responded with some type of appropriate medical care. *Id.*

Maday raises six objections to Magistrate Judge Duffy's report and recommendation. Docket 99. Maday's first objection directs the court to the Plantar Fasciitis handout Maday allegedly received from Adams. *Id.* Maday's second objection addresses Adams's approval of Hamilton's treatment plan. *Id.* Maday alleges Adams "electronically signed off on Hamilton's treatment plan despite the fact that it was contrary to the one he had already given me." Docket 94 ¶ 518. Adams allegedly did so "without performing an examination." Docket 99. In doing so, Maday alleges that Adams "ignored Plaintiff's complaints of severe pain." *Id.*

Maday's claim that Adams approved a treatment plan that was contrary to his earlier plan is no more than a disagreement with Adams's treatment decision. And "[a] showing of deliberate indifference . . . requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). If Adams found that Maday required a "medical lay in tray," he would not have approved Hamilton's treatment plan denying a tray. And, even at the time Adams provided Maday the handout, he did not order a medical lay in tray.

Maday's third objection contends that Adams failed to fully comply with Magistrate Judge Duffy's order to immediately provide Maday his medical records, and this prevented Maday from responding to Adams's motion to dismiss. Docket 99. Maday does not describe what materials Adams allegedly

failed to provide or how that information is necessary to defend against the motion to dismiss. In a motion to dismiss, the court treats Maday's factual allegations as true. Discovery material is not necessary to respond to a motion to dismiss.

In his fourth objection, Maday contents the report misstates certain allegations. Docket 99 at 4. Maday objects to the report's second footnote stating prison medical staff provided Maday with a cam walker boot and crutches on November 11, 2015. Maday argues the footnote omits the following details from his amended complaint: "After two days of walking around the prison with a broken foot that was diagnosed on 11/11/15 Plaintiff was finally called to medical at about 1100 on 11/13/15 where my foot was placed in a 'cam walker boot' and I was issued crutches." Docket 94 ¶ 512. Maday's complaint makes clear that Avera Medical Group Radiology generated a report diagnosing Maday's fracture. *See id.* at ¶ 511. Maday never alleges that Adams had any knowledge of the report or caused the two-day delay in further treatment.

Maday next contends that the report misstates the allegation involving Hamilton and the reapply of Maday's splint. Docket 99 at 2. This objection is not relevant in determining whether Maday states a deliberate indifference claim against Adams as it only involves Hamilton. To the extent Maday's claim involves Adams's failure to supervise Hamilton, there is no supervisory liability under § 1983. *See Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994).

11

Maday's final objection is to Magistrate Judge Duffy's recommendation that Maday's claims against Adams be dismissed with prejudice. Docket 99 at 3. Maday requests that any dismissal be without prejudice. Because there have been no findings on the merits, a dismissal without prejudice is appropriate.

Maday's complaint, amended complaint, and objections to the report and recommendation fail to state a deliberate indifference claim against Adams. Maday's allegations fall short of stating a claim of deliberate indifference through constitutionally deficient care.

Thus, it is ORDERED that:

1. Maday's objections to the report and recommendation (Docket 99) are overruled.

2. The report and recommendation of Magistrate Judge Duffy (Docket 96) is adopted as modified.

3. Adams's motion to dismiss (Docket 26) is granted. Maday's claim against Adams is dismissed without prejudice.

DATED August 24, 2018,

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE