UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STANLEY J. MADAY,<br><br>Plaintiff,<br><br>vs.<br><br>NICOLE ST. PIERRE, in her official capacity, and MIKE GROSSHUESCH, in his official capacity,<br><br>Defendants. | 4:17-CV-04168-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CORRECT THE RECORD AND FOR RECONSIDERATION |

Plaintiff, Stanley J. Maday, a Wisconsin prisoner in custody at Mike Durfee State Prison, filed a lawsuit under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA). Dockets 1, 94. Defendants' motion for summary judgment was referred to Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B). After de novo review, this court adopted the report and recommendation as modified.[1] Docket 199. Now, Maday moves to correct the record and moves for reconsideration. Docket 201. Defendants object to Maday's motion. Docket 202.

---

[1] Defendants' motions for summary judgment (Dockets 125, 145) were granted on all claims except Maday's injunctive relief claims regarding his 2015 and 2016 Sports Illustrated Swimsuit Edition magazines against defendants St. Pierre and Grosshuesch in their official capacity. Docket 199 at 80.

1

I.  **Motion to Correct the Record**

Maday does not indicate the Federal Rule of Civil Procedure on which he bases his motion to correct the record. *See* Docket 201. Rule 60(a) permits the correction of errors in judgments, orders, and other parts of the record arising from oversight or omission. Fed. R. Civ. P. 60(a). Rule 60(a) "permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (internal quotation omitted). For this court to correct the record, the error must be dispositive to the court's decision.

> Here, Maday:
>
> moves the court to correct the record to show that the writ of habeas corpus Magistrate Duffy refers to in her report and recommendation be noted as being a writ of habeas corpus ad testificandum. Plaintiff also moves the court to correctly note in the record that he did not mount a collateral attack against his conviction until May of 2018. Further, Plaintiff moves the court to recognize the fact that plaintiff was represented by counsel during a direct appeal of his conviction and not during the filing of a writ of habeas corpus ad subjiciendum.

Docket 201 at 1. Maday claims that the error in the record is dispositive because Magistrate Judge Duffy's recommendation to grant summary judgment on Maday's access to the court claim, and this court's adoption of that report, was based on the fact that Maday had been appointed counsel to represent him on his state petition for writ of habeas corpus. *See id.*; Docket 199 at 65. But the "writ of habeas corpus" where Maday had court appointed counsel was actually a writ of habeas corpus ad testificandum to bring him back from South Dakota to Wisconsin so he could testify during a post-conviction hearing as part of his direct appeal.

2

Maday's access to the court claim here is in reference to his petition for a writ of habeas corpus that was filed in Wisconsin state court on May 29, 2018, and it is this claim where he did not have counsel.

After a review of the record, this court grants Maday's motion to correct the record to reflect that Maday was represented by counsel during his direct appeal and the writ of habeas corpus previously mentioned was granted for him to appear at a hearing (habeas corpus ad testificandum). *See* Docket 126-126 at 5. The error in the reading of the record was dispositive because it was considered by this court when it adopted that portion of the report and recommendation that found that Maday had not raised a genuine issue of material fact for his access to the court claim. Docket 199 at 65. Thus, the record should reflect that Maday was not represented by counsel when he filed his state court petition for writ of habeas corpus on May 29, 2018.[2] Maday's motion to correct the record (Docket 201) is granted.

---

[2] The "Petition for Writ of Habeas Corpus" was filed on December 10, 2014 and a hearing was scheduled for January, 21 2015. Docket 126-124 at 5. At the hearing, Maday was represented by counsel. *See id.* United States District Judge Crabb's order provides a detailed background of Maday's appellate history. *See* Docket 126-125. On October 23, 2014, Maday filed a motion for post-conviction relief (also known as a notice of appeal) with the circuit court. *Id.* at 3. The Wisconsin Court of Appeals reversed the circuit court's decision and on April 5, 2017, the Wisconsin Supreme Court reversed the Court of Appeals' decision and held that Maday's counsel was not ineffective. *Id.* at 4. All counsel for Maday had withdrawn by January 25, 2018. Docket 126-124 at 1.

## II.　Motion for Reconsideration

In his motion for reconsideration, Maday does not indicate the Federal Rule of Civil Procedure on which he is relying. *See* Docket 201. "The Eighth Circuit traditionally has instructed courts to consider such motions either under Rule 59 or Rule 60(b)." *Moberly v. Midcontinent Commc'n*, No. 4:08-CV-04120-KES, 2010 WL 11681663, at *1 (D.S.D. Aug. 2, 2010). Because Maday moves this court to reconsider its adoption of Magistrate Judge Duffy's report and recommendation on defendants' motion for summary judgment, this court liberally construes Maday's motion under Federal Rule of Civil Procedure 60(b).

Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with a reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The only potentially applicable circumstance here is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). To obtain relief under Rule 60(b)(6), a party must show that "exceptional circumstances . . . denied the moving party a full and fair opportunity to litigate his claim and . . . prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

4

Because this court relied on a dispositive factual error regarding Maday's access to the court's claim, Maday has stated an exceptional circumstance that denied him a fair opportunity to litigate his claim under Rule 60(b)(6). As a result, the court will now consider the merits of his access to the courts claim with the corrected facts. "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 347 (1996). In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353).

"The right of access to the courts is satisfied if the prisoner has the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Zink v. Lombardi*, 783 F.3d 1089, 1108 (8th Cir. 2015) (internal quotation omitted). An actual injury cannot be established if the law library or legal assistance program is "subpar," but rather the inmate:

> must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis,* 518 U.S. at 351.

Here, Maday was not represented by counsel when he filed his state court writ of habeas corpus under Wis. Stat. § 974.06[3] on May 29, 2018. Docket 126 at 20. Maday argues that his "denial of access to Wisconsin legal resource materials from sometime in August 2013 until April 3, 2018 is the basis" for his denial of access to the courts claim. Docket 201 at 12. He claims that without the Wisconsin legal materials, his petition for a writ of habeas corpus was denied because he was "unaware that the proper action to initiate a collateral attack on his conviction was filing a Wis. Stat. § 974.06 motion[.]" Docket 201 at 11. Maday claims he has been "forced to endure his illegal incarceration for a longer period resulting in a continued deprivation of his liberty." Docket 201 at 11. In their statement of undisputed material facts, defendants stated that Maday received access to Wisconsin case law and statutes through LexisNexis on March 27, 2018. Docket 140 ¶ 248. Maday does not dispute this fact. Docket 172 ¶ 248. Maday's post-conviction relief motion has not been ruled on by the state circuit court

When Maday filed his post-conviction relief motion with the state circuit court, he had access to the Wisconsin legal materials and this motion is still pending. On July 30, 2018, several months after having access to the Wisconsin legal materials, Maday filed his federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the

---

[3] This statute describes postconviction relief and includes a state petition for writ of habeas corpus. *See* Wis. Stat. § 974.06(8).

6

Western District of Wisconsin. Docket 126-124. On October 2, 2018, United States District Judge Barbara B. Crabb dismissed with prejudice multiple claims but allowed Maday until October 28, 2018, to supplement his ineffective assistance of counsel claim. Docket 126-125 at 12.[4] In her order, Judge Crabb stated that the:

> petitioner argues that his failure to raise his claims on direct appeal or in his first postconviction motion is the fault of his counsel's ineffective assistance and his own difficulty in gaining access to Wisconsin legal materials because of his out-of-state incarceration. . . . Thus, I assume that petitioner has shown good cause for his failure to exhaust his claims before filing his federal habeas petition. In this instance, petitioner has not shown that his unexhausted claims have any potential merit.

*Id.* at 8. Judge Crabb ruled that Maday's actual innocence claim was meritless because it is "not a stand-alone ground for habeas relief." *Id.* at 7. Maday's unexhausted claim of newly discovered evidence regarding memory was dismissed because Maday did not identify a constitutional claim that was implicated by the new evidence. *Id.* at 3. Maday's insufficient evidence claim was dismissed because he had "pointed to nothing in the victim's testimony that would render it 'incredible' as a matter of law." *Id.* at 9. Maday's fourth claim for relief was dismissed because he failed to explain "why the state's failure to provide this transcript supports a constitutional claim for habeas relief." *Id.* at 9. Judge Crabb allowed Maday until October 24, 2018 to

---

[4] In September of 2017, Maday filed a petition for writ of habeas corpus with the circuit court of Columbia County, Wisconsin, which was denied as not being the proper venue because Maday was not incarcerated there. Docket 126-125.

7

supplement his ineffective assistance of counsel claim because this claim was "completely undeveloped" in that Maday did not provide any details to support his arguments. *Id.* at 10, 12.

The undisputed facts show that Maday had access to the Wisconsin legal material for several months before he filed his federal writ of habeas corpus and before he filed his state circuit court motion for post-conviction relief (still pending). Docket 140 ¶ 248. Even though Maday's state circuit court motion for post-conviction relief was still pending, Judge Crabb analyzed Maday's unexhausted federal claims. *See* Docket 126-125. His claims were dismissed because the claims asserted by Maday were not recognized under habeas relief and Maday had failed to raise claims that alleged a violation of the United States constitution or laws. *See Id.* Further, Judge Crabb gave Maday extra time to file a supplement to his ineffective assistance of counsel claim. *Id.* Thus, Maday has not raised a genuine issue of material fact to show that he was prohibited from filing either a federal or state petition for writ of habeas corpus. In fact he filed both after having access for several months to the Wisconsin legal material. Furthermore, his unexhausted claims were considered by the federal court and his exhausted claims will be considered on their merits by both the federal and state courts. Maday has not shown that a genuine issue of material fact exists to show that he was actually injured due to defendants alleged actions. Thus, Maday has failed to show that he was "prevented from receiving adequate redress" and his motion for reconsideration on the issue of access to the courts is denied.

Maday objects to several other decisions that were adopted from Magistrate Judge Duffy's report and recommendation. *See* Docket 201. Specifically, he challenges this court's adoption of report and recommendation on his claims regarding: (1) deliberate indifference, (2) hardcover books, and (3) diabetic diet. Docket 201.[5] Most of Maday's motion seeks to relitigate why his claims should have survived summary judgment. *Id.* Rule 60(b) motions cannot be used "to 'tender new legal theories' " or to reargue " 'on the merits.' " *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)) (first quoted material); *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (second quoted material). Because Maday cannot use a motion for reconsideration to reargue his claims on the merits and he has had a fair opportunity to litigate his claims of deliberate indifference, diabetic diet, and hardcover books, this court stands by its earlier ruling and denies Maday's motion to reconsider.

## CONCLUSION

Maday is correct that the court made an error when it previously found that he had counsel when he filed his state petition for writ of habeas corpus. He in fact did not have an attorney and still does not have an attorney

---

[5] Maday previously objected to each matter he raises in his motion for reconsideration. In his objections, Maday addresses the deliberate indifference arguments. Docket 192 at 2-10, 19. Maday objected to Magistrate Judge Duffy's rulings regarding his hardcover books and access to courts. *Id.* at 11-18, 21. Maday raised objections to the issue of his diabetic diet. *Id.* at 19.

representing him on his state petition for a writ of habeas corpus. As a result, the motion to correct the record is granted. But even with this correction, Maday has failed to show that he has been denied access to the courts. Maday's other concerns about the court's prior order are just attempts to relitigate the summary judgment order. Thus, it is

ORDERED:

1. That Maday's motion to correct the record and motion for reconsideration (Docket 201) is granted in part and denied in part.

Dated August 20, 2020.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE